**TAMPA TIMES CO. v. BURNETT, Tax Collector of Hillsborough County, Fla.**

**No. 13.**

District Court, S. D. Florida.
Feb. 20, 1942.

McKay, Macfarlane, Jackson & Ramsey, of Tampa, Fla., for plaintiff.

John W. Cone and Henry C. Tillman, both of Tampa, Fla., for defendant.

BARKER, District Judge.

This cause coming on this day to be heard upon application of plaintiff for the entry of a final decree, and defendant's motion to dismiss the complaint having been argued by counsel for the respective parties, and same having been overruled by the court, and counsel for the defendant declining to plead over or further, the court finds that the plaintiff is entitled to the relief in its bill of complaint prayed for.

The court finds the following facts: That the plaintiff is a corporation existing under the laws of the State of Florida; that this court has jurisdiction of the subject matter and the parties; that the plaintiff owns and operates a radio station known as WDAE, Tampa, Florida, under license issued to it by the Federal Communications Commission under and pursuant to the provisions of the United States Communications Act of 1934, 47 U.S.C.A. § 151 et seq.; that the defendant, and his successor in office, discharges the duty of collecting license taxes authorized and levied by the State of Florida for the use of the State of Florida and Hillsborough County; that the plaintiff is engaged in operating said broadcasting station in interstate and foreign commerce, and that the regulation of its business in operating said radio station is under the exclusive jurisdiction and regulation of the United States government; that the defendant, and his successor in office, is attempting to charge and collect licenses of the plaintiff for the operation of its said radio station.

Based upon the above and foregoing finding of fact, the court has arrived at the following conclusions of law:

One: This court has jurisdiction of the subject matter and the parties, and that the plaintiff is entitled to the relief in its bill of complaint prayed.

Two: That the plaintiff in conducting its radio station WDAE is engaged exclusively in interstate commerce, and that the United States government has, by the Communications Act of 1934, preempted the field of radio broadcasting and communications and has exercised and is exercising exclusive jurisdiction over the regulation of such operation; that the State of Florida does not have the right to levy a license tax upon the aforesaid business of radio broadcasting operated by the plaintiff and that any and all laws, and particularly Chapter 18011, Acts of Florida, 1937, insofar as it attempts to levy a license upon the plaintiff in the operation of its broadcasting business is void and inoperative; that the plaintiff is entitled to a perpetual injunction against the defendant, and his successors in office, to prevent the collection, or attempted collection, of any licenses against the plaintiff in the operation of its said radio station WDAE so long as the laws of Congress exercise exclusive jurisdiction over same.

It is, therefore adjudged and decreed that the defendant J. M. Burnett, as Tax Collector of Hillsborough County, Florida, and his successor and successors in office, be, and they hereby are perpetually enjoined and restrained from collecting, or attempting to collect, any license taxes now purportedly authorized or levied by any law of the State of Florida from the plaintiff in the operation of its said broadcasting station situate in Tampa, Florida, and known as WDAE so long as the laws of Congress exercise exclusive jurisdiction over same; that all laws of the State of Florida purporting to tax the plaintiff in the operation of its said broadcasting station, to the extent that the same purport to levy or charge any license tax on the operation thereof, are hereby declared to be illegal and void.